# IN THE SUPREME COURT OF THE STATE OF NEVADA

THE STATE OF NEVADA,
Petitioner,
vs.
THE EIGHTH JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF
CLARK; AND THE HONORABLE
DOUGLAS SMITH, DISTRICT JUDGE,
Respondents,
  and
DONALD EDWARD BROWN,
Real Party in Interest.

No. 69522

**FILED**

JUL 1 4 2016

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## *ORDER GRANTING PETITION FOR WRIT OF MANDAMUS OR PROHIBITION*

This is an original petition for a writ of mandamus or prohibition challenging a district court order granting a motion for an independent psychological examination of the victim of child abuse, neglect, endangerment, and other physical abuse charges pending against the real party in interest.

In 2014, real party in interest Donald Edward Brown was charged with multiple counts of child abuse, neglect, or endangerment regarding his fifteen-year-old stepdaughter. Brown brought a motion asking the district court to order an independent psychological evaluation of the minor child, which the district court granted. The State now petitions this court for a writ of mandamus or, in the alternative, prohibition to direct the district court to reverse the district court's order. In its petition, the State raises the following issues: (1) whether the district court had the authority to order an independent psychological

evaluation of a child-victim that was not a victim of sexual abuse, (2) whether the district court abused its discretion by failing to include particularized factual findings in support of its order, and (3) whether the district court abused its discretion by finding that there was a compelling reason to order an independent psychological evaluation.

*The district court abused its discretion by failing to include particularized factual findings in support of its order*

In *State v. Eighth Judicial District Court (Romano)*, this court stated that it is "require[d] that trial courts set forth a particularized factual finding that there is reason to believe that a psychological examination is warranted." 120 Nev. 613, 623, 97 P.3d 594, 601 (2004), *overruled on other grounds by Abbott v. State*, 122 Nev. 715, 727, 138 P.3d 462, 470 (2006). While *Romano* was later overruled by *Abbott*, it was overruled on the issue of whether a district court judge could order a child-victim to undergo an independent psychological evaluation, not on whether the district court must set forth a particularized factual finding. *Abbott*, 122 Nev. at 727, 138 P.3d at 470. Therefore, *Romano* remains mandatory law on this issue.

Here, the district court's order summarily stated that Brown had met the three *Abbott* criteria and granted Brown's motion for an independent psychological examination. Its oral findings were similarly sparse, only stating, "I think that the defense has met all three of [the *Abbott* criteria] and I'm going to order a psychiatric evaluation." Thus, neither the district court's order nor its oral findings set forth a

particularized factual finding as to why a psychological examination was warranted as required by *Romano*.[1]

Therefore, we

ORDER the petition GRANTED AND DIRECT THE CLERK OF THIS COURT TO ISSUE A WRIT OF MANDAMUS instructing the district court to vacate its December 9, 2015, Order granting Defendant's Motion for Independent Psychological Examination of the Alleged Victim and to reconsider the motion in light of this order.

_____, C.J.
Parraguirre

_____, J.          _____, J.
Hardesty                                             Douglas

_____, J.          _____, J.
Cherry                                                Saitta

_____, J.          _____, J.
Gibbons                                              Pickering

cc:     Hon. Douglas Smith, District Judge
        Attorney General/Carson City
        Clark County District Attorney
        Turco & Draskovich
        Eighth District Court Clerk

---

[1]Because we grant the State's petition on this ground and order the district court to vacate and reconsider its order, we do not reach the other issues raised in the petition.